DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss (motion) stating that Plaintiff failed to appeal within the 90 days required by ORS 305.280(2).
Plaintiff attached to her Complaint a copy of Defendant's Notice of Liability, dated May 17, 2006. Plaintiff's Complaint was filed on March 25, 2009. That interval is longer than the 90 days required by ORS 305.280(2), [1] which provides:
 "An appeal under ORS 323.416 or 323.623 or from any notice of assessment or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter, or collected pursuant to ORS 305.620, shall be filed within 90 days after the date of the notice. An appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the date the notice of adjustment is final."
Plaintiff alleges that in response to Defendant's Notice of Liability she requested a conference with Defendant. Defendant submitted copies of its log detailing all communications with Plaintiff. (Def's Call Logs filed Aug 18, 2009.) There is no recorded conversation with Plaintiff until May 22, 2006, when Plaintiff called, stating that "she rec note of determination says she doesn't want to owe for Birch Creek and will be getting back to me." (Id.) The next call log entry reported is dated April 23, 2008; that entry states that Plaintiff stated that "she was *Page 2 
not responsible for the debt incurred on the business." (Id.)
In its Notice of Liability, Defendant states that a request for a conference must be requested within 30 days from the date of the notice and the conference request should be addressed to Oregon Department of Revenue, PO Box 14600, Salem, OR 97309-5049. There is no record of Plaintiff submitting a written request for a conference to Defendant within the 30 day time period and Plaintiff was unable to produce a copy of any such request. Absent evidence of her request for a conference and Defendant's failure to act on her request, there is no evidence to show that Plaintiff appealed the Notice of Liability within the statutory timeline. Plaintiff does not allege that she filed a complaint in the Tax Court earlier than March 25, 2009.
The court is not aware of any circumstances that extend the statutory limit of 90 days. Defendant's motion is granted. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted.
Dated this ___ day of September 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onSeptember 10, 2009. The Court filed and entered this document onSeptember 10, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1